# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-00145-RJC-DSC

| | |
|---|---|
| JOSEPH E. NEPTUNE, | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **ORDER** |
| | ) |
| NANCY A. BERRYHILL,<br>**Acting Commissioner of Social Security** | )<br>)<br>) |
| | ) |
| **Defendant.** | )<br>) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 11, 12); Defendant's Motion for Summary Judgment and Memorandum in Support (Doc. Nos. 18, 19); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 20), recommending that this Court grant the Plaintiff's Motion and deny the Defendant's Motion; Defendant's Objection to the Magistrate's M&R, (Doc. No. 21); and Plaintiff's Response to Defendant's Objection, (Doc. No. 22).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Thus, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. §636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made. Id. at §636(b)(1)(C); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983). Under Rule

72(b) of the Federal rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to specific written objection has been made. Fed. R. Civ. P. 72(b). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome. Provided there is

"substantial evidence" in the record to support the final decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Defendant objects to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") improperly assessed Plaintiff's Residual Functional Capacity ("RFC") and that this case must be remanded pursuant to Mascio v. Colvin, 78 F.3d 632 (4th Cir. 2015). Specifically, Defendant contends that the Magistrate Judge misapplied the Mascio holding and incorrectly found that the ALJ gave no explanation of why he did not include Plaintiff's moderate limitations in concentration, persistence, or pace in the RFC.

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) and 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR 96-8p. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence." Id. In Mascio, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio, 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). The Fourth Circuit also found that "an ALJ does not account for a claimant's limitations in concentration, persistence, or pace by restricting the hypothetical question to simple routine tasks, or unskilled work." Id.

The arguments presented in Defendant's Objection to the Magistrate Judge's M&R are merely sections of Defendant's Memorandum of Law in Support of the Commissioner's Motion for Summary Judgment. In both documents, Defendant argues that the ALJ properly determined Plaintiff's RFC, specifically regarding his mental impairments and gave sufficient explanation for

the RFC. The Magistrate Judge already addressed this argument, and the Court agrees with his analysis and conclusion. The ALJ may find that a moderate limitation in concentration, persistence or pace exists but does not apply in his residual functional capacity as long as an explanation the ALJ explains why that's the case. See Mascio, 780 F.3d at 638. ("Perhaps the ALJ can explain why [Plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [Plaintiff's] residual functional capacity. . . . But because the ALJ here gave no explanation, a remand is in order."). The ALJ did not show his work in this instance—he noted the moderate limitations in concentration, persistence or pace at step three, but did not explain how, if at all, they factored into the RFC.

Defendant argues that the ALJ did provide an explanation unlike in the ALJ in Mascio. (Doc. No. 19 at 6). Defendant points to the ALJ's thorough discussions of certain medical and opinion evidence as it related to Plaintiff's RFC. (Doc. No. 19 at 7–8; Doc. No. 21 at 2–3). The Court acknowledges the ALJ's discussion of Plaintiff's mental RFC, but the ALJ did not connect the dots in the way that Mascio requires. Nowhere does the ALJ mention concentration, persistence, or pace in his RFC discussion. The Court is left to wonder whether the ALJ factored Plaintiff's moderate limitations in concentration, persistence, or pace into his RFC determination. Defendant also notes limitations in Plaintiff's RFC, namely that Plaintiff be limited to: simple, routine, repetitive tasks of unskilled work; no constant changes in routine; no complex decision making; and no crisis situations. (Doc. No. 19 at 6–7; Doc. No. 21 at 3–4). Similar to the discussion of medical evidence, these accommodations alone are not enough. Perhaps these limitations were intended to accommodate Plaintiff's moderate limitations in concentration, persistence or pace, but the Court cannot discern that absent an explanation from the ALJ, which was not present here. Mascio requires this explanation.

Therefore, this matter will be remanded to the ALJ. Upon remand, the ALJ shall conduct a new hearing, take any action needed to complete the administrative record, and issue a new decision. The ALJ will be directed specifically to: (1) consider further Plaintiff's residual functional capacity in light of limitations, and (2) address Plaintiff's limitations in concentration, persistence, or pace, and either account for them in the RFC or explain why those limitations do not affect Plaintiff's RFC.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 20), is **ADOPTED;**

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED;**

3. Defendant's Motion for Summary Judgment, (Doc. No. 18), is **DENIED**;

4. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing consistent with this Order and the Fourth Circuit's holdings in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015); and

5. The Clerk of Court is directed to close this case.

Signed: September 8, 2017

Robert J. Conrad, Jr.
United States District Judge